UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHAMICA WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:22-CV-267 |
| | ) |
| STAKEHOLDER PAYROLL SERVICES, LLC | ) |
| and LP SOUTH BEND, LLC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Shamica Woods ("Woods"), brings claims against Defendants, Stakeholders Payroll Services, LLC ("Stakeholders") and LP South Bend LLC ("LP" or collectively "Defendants"), and states as follows:

## OVERVIEW

1. This Complaint arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et. seq.

## PARTIES

2. Shamica Woods is an individual who, at all relevant times, lived and worked in St. Joseph County, Indiana. She was an employee as defined by 42 U.S.C. §2000e(f).

3. Defendants are located in South Bend, Indiana. Stakeholders and LP are an employer as defined by 42 U.S.C. §2000e(b) and joint employers as well. Defendants are more commonly known as Signature HealthCARE.

## JURISDICTION

4. This Court has jurisdiction over Defendants pursuant to U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1331.

## VENUE

5. Venue is appropriate in the Northern District of Indiana pursuant to 28 U.S.C. § 1391 as all the events arose in the Northern District of Indiana in South Bend, Indiana.

## FACTS

6. Woods was hired by Defendants on or about February 4, 2020. She was terminated on June 30, 2020. She was assigned to the Signature HealthCARE facility in South Bend, Indiana.

.   9. At all times, Woods met or exceeded the job expectations set for employees by the company.

10. Woods prescribes to the Muslim faith. As part of the Muslim faith, Woods opposed the removal of any part of her body, which would have included the impact of the insertion of COVID-19 test swabs into her nose. Wood earnestly holds this belief.

11. In early May 2020, the U.S. Food and Drug Administration approved the use of a saliva diagnostic test created by Rutgers Clinical Genomics Laboratory.

12. On June 15, 2020, Defendants created/finalized policy 9.07(a) that required all employees to be tested for the COVID-19 virus.

13. Defendants did not publish this policy at its South Bend facility where Woods worked any earlier than Friday, June 26, 2020. Woods played no role in the delay in publishing the policy at her worksite.

13. Employees were informed they had to submit to the test or Defendants would treat the employee as having 'voluntarily resigned.'

14. Woods refused to submit to a swab test due to her religious beliefs.

15. Defendant permitted Woods to submit a religious accommodation request as it pertained to its COVID-testing requirements.  She was provided a form to do so on or about June 30, 2020.

16. On June 30, 2020, Woods completed and returned the form.

17. Thereafter, Defendants determined that it could not accommodate Woods by excluding her from taking the test or by providing her a leave of absence.  When Woods was again asked and rejected the swab test, Defendants involuntarily separated Woods.

18. Defendant's policy and/or Indiana Department of Health guidance provided that test results by a certified lab or physician could be submitted in lieu of testing so long as results were from the prior fourteen (14) period.

19. Woods filed a charge of discrimination with the South Bend Human Rights Commission.  Her charge was duly filed with the U.S. Equal Employment Opportunity Commission and assigned the number 24M-2021-00089.

20 The Human Rights Commission found probable cause that "Signature HealthCare" violated Woods' civil rights.

21. The U.S. Equal Employment Opportunity Commission issued a notice of suit rights in early January, 2022.

22. Woods suffered financial harm as a result of Defendants' conduct.

## LEGAL COUNTS

### COUNT 1: TITLE VII: RELIGION

23. Woods incorporates paragraphs 1 – 22 herein.

24. Woods sought a reasonable accommodation due to her religious faith, Muslim, from Defendants.  Moreover, Woods was told by Indiana Health Department officials that she did not have to submit to the prescribed COVID-19 test.

25. Defendants failed to provide Woods a reasonable accommodation and instead terminated her employment.  Woods' employment ended because she was not granted an accommodation.

26. Woods was harmed by Defendants' unlawful, willful and/or reckless conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in her favor and award her the following relief:

a. An Order awarding Plaintiff lost income and other damages, including compensatory damages, as provided for by federal law;

b. An Order awarding Plaintiff punitive damages as provided for by federal law;

c. An Order awarding Plaintiff the costs of this action;

d. An Order awarding Plaintiff her attorney's fees;

e. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700

Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff

# DEMAND FOR JURY TRIAL

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff