UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHAMICA WOODS,<br><br>    Plaintiff,<br><br>  v.<br><br>STAKEHOLDER PAYROLL SERVICES, LLC and LP SOUTH BEND, LLC,<br><br>    Defendants. | CAUSE NO. 3:22-CV-267 DRL-MGG |

OPINION AND ORDER

Shamica Woods sued Stakeholder Payroll Services, LLC and LP South Bend, LLC (together Stakeholder) alleging violations under Title VII of the Civil Rights Act of 1964 after Stakeholder terminated her employment. Stakeholder moves to dismiss her suit because she agreed to arbitrate it. Ms. Woods seems inasmuch to agree. The court thus grants Stakeholder's motion to compel arbitration and dismisses the case under Federal Rule of Civil Procedure 12(b)(3).

BACKGROUND

Ms. Woods began working for Stakeholder on February 4, 2020. When she was hired, she electronically signed Stakeholder's onboarding documents, including a mediation and arbitration agreement, and an alternative dispute resolution plan summary [ECF 6-2]. In relevant part, the agreement states:

> In consideration of the Company employing you, and the mutual promises below, you and the Company agree that: (1) All disputes, matters, claims, demands, allegations, and/or causes of action of any kind, that are directly or indirectly related to or otherwise concern your recruitment, employment, payment of wages, benefits or other compensation, and/or termination of employment with the Company (a "claim" or "matter") shall be deemed **WAIVED** unless your claim is (a.) first submitted through the Company's Stakeholder Problem Resolution Process, and if not successfully resolved there, then (b.) submitted next to non-binding mediation, and if not successfully resolved there, then (c.) submitted to final, binding, and confidential arbitration.

[*id.* 4]. The alternative dispute resolution plan summary lays out the process for participating in mediation and arbitration in greater detail and specifies that the employee "**AGREE[S] TO RESOLVE ALL SUCH [EMPLOYMENT] CLAIMS THROUGH THIS PLAN INSTEAD OF THROUGH THE COURT SYSTEM OR APPLICABLE ADMINISTRATIVE AGENCIES**" [*id.* 13]. The final page of each agreement contains Ms. Woods' electronic signature and the date, January 25, 2020.

On June 26, 2020, Stakeholder published its internal workplace policy requiring all employees to be tested for COVID-19. Citing conflicts with her Muslim faith, Ms. Woods refused to submit to a COVID-19 swab test under the policy. Her request for religious accommodation (either by excusing Ms. Woods from the policy or by providing her a leave of absence) was rejected. Shortly thereafter, she was asked again to submit to a COVID-19 swab test. After she declined a second time, she was involuntarily dismissed on June 30, 2020. This suit ensued.

## STANDARD

The Federal Arbitration Act (FAA) requires courts to treat written arbitration agreements as "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of a contract." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 (2009) (quoting 9 U.S.C. § 2). The question of arbitrability—whether the parties must submit a particular dispute to arbitration—is "an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise[.]" *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986).

Stakeholder requests arbitration under Federal Rule of Civil Procedure 12(b)(1). That isn't the right rule in this instance, though the point of the motion remains. Rule 12(b)(3) applies to enforce an arbitration provision. *See, e.g.*, *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 807 (7th Cir. 2011). An agreement to arbitrate doesn't undermine the court's subject matter jurisdiction. *See Grasty v. Colo. Tech. Univ.*, 599 F. Appx. 596, 597 (7th Cir. 2015). Because an arbitration agreement is a type of forum

selection clause, motions to compel arbitration are "brought properly under Federal Rule of Civil Procedure 12(b)(3), not 12(b)(1)." *Id.* (citing *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 773 (7th Cir. 2014)); *see also Sherwood v. Marquette Transp. Co., LLC*, 587 F.3d 841, 844 (7th Cir. 2009) ("arbitration agreement is a specialized forum-selection clause").

## DISCUSSION

The FAA was enacted to "reverse the longstanding judicial hostility to arbitration agreements" that carried over into American courts from English common law. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). It created a strong policy favoring arbitration, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), but it remains a matter of contract, so courts must view arbitration agreements on equal terms as other contracts, *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

The court must first decide whether a valid contract to arbitrate exists before it decides to order arbitration based on the contract's scope. *Janiga v. Questar Capital Corp.*, 615 F.3d 735, 742 (7th Cir. 2010). A "court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute*." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 297 (2010). When deciding whether the parties agreed to arbitrate a certain matter, courts generally apply state law principles that govern the formation of contracts. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Under Indiana law, a valid contract requires offer, acceptance, consideration, and mutual assent. *Ellison v. Town of Yorktown*, 47 N.E.3d 610, 617 (Ind. Ct. App. 2015).

Ms. Woods notes that she was unaware that she had signed an arbitration agreement during onboarding and could not say with certainty whether she had electronically signed it. Nonetheless, she submits that "she likely did sign an enforceable arbitration agreement" and accordingly requests the court to compel arbitration. Although not contested here, an employee's signature reflects that she accepted the agreement, *see Flynn v. AerChem, Inc.*, 102 F. Supp.2d 1055, 1060 (S.D. Ind. 2000), and

3

parties are generally bound to an arbitration provision even if they did not read it, *Degroff v. Mascotech Forming Technologies-Fort Wayne*, 179 F. Supp.2d 896, 903 (N.D. Ind. 2001) (holding an arbitration agreement valid when plaintiff claimed she did not review it because she effectively conceded review when she signed the employment application). Based on her signature and acknowledgement in the mediation and arbitration agreement that she "read and understood its terms," Indiana law presumes that Ms. Woods read the relevant documents. *See Earley v. Edward Jones & Co., LP*, 105 N.E.3d 1094, 1100 (Ind. Ct. App. 2018) ("Under Indiana law, a person is presumed to understand the documents which he signs and cannot be released from the terms of a contract due to his failure to read it.") (citation omitted). Therefore, a valid mediation and arbitration agreement binds the parties here. Moreover, this agreement explicitly covers the termination dispute at issue, as its scope includes claims of "any alleged violations of Title VII of the Civil Rights Act of 1964" [ECF 6-2 at 4].

The court thus will compel arbitration. The FAA requires that the "hearing and proceedings," pursuant to an agreement compelled to arbitration, "shall be within the district in which the petition for an order directing such arbitration is filed." 9 U.S.C. § 4. That is the case unless an agreement contains a forum selection clause. *Haber v. Biomet, Inc.*, 578 F.3d 553, 558 (7th Cir. 2009). Then "only the district court in that forum can issue a § 4 order compelling arbitration. Otherwise, the clause of § 4 mandating that the arbitration and the order to compel issue from the same district would be meaningless." *Id.* (quoting *Merrill Lynch, Pierce, Fenner & Smith v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995)). Here, the arbitration agreement requires that any arbitration "shall take place in the State where the Company assigned [the employee] to work" [ECF 6-2 at 5]. Because Ms. Woods worked at all times in Indiana (where Stakeholder is also located), the court's order to compel appropriately secures arbitration in this district.

The court dismisses the case without prejudice. The FAA provides that, once a court concludes that a matter must go to arbitration, it "shall on application of one of the parties stay the

4

trial of the action until such arbitration has been had in accordance with the terms of the agreement, provid[ed] the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. The FAA's stay provision doesn't divest the court of its authority by rule to dismiss. *See McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 678-79 (7th Cir. 2001). And there is a trend among federal courts favoring dismissal of a case that is subject to arbitration in cases such as this one. *See Johnson v. Orkin*, 928 F. Supp.2d 989, 1008 (N.D. Ill. 2013); *see also Hornbuckle v. Xerox Bus. Serv., LLC*, 2015 U.S. Dist. LEXIS 18374, 11-12 (S.D. Ind. Feb. 13, 2015) (collecting cases). Here, the sole claim in the complaint is arbitrable, *see, e.g.*, *Baumann v. Finish Line, Inc.*, 421 F. Appx. 632, 636 (7th Cir. 2011) (affirming dismissal of suit when all claims are arbitrable), and neither party directly contests dismissal. This court isn't the proper venue for the dispute, and dismissal without prejudice under Rule 12 is the proper remedy. *See* Fed. R. Civ. P. 12(b)(3); *Baumann*, 421 F. Appx. at 636; *McCaskill*, 298 F.3d at 678-79; *Johnson*, 928 F. Supp.2d at 1008.

## CONCLUSION

Accordingly, the court GRANTS Stakeholder's motion to compel arbitration [ECF 6], ORDERS the parties to participate in alternative dispute resolution as agreed, and DISMISSES this case WITHOUT PREJUDICE under Rule 12(b)(3). The clerk of the court is DIRECTED to enter judgment accordingly and terminate the case.

SO ORDERED.

October 7, 2022                          *s/ Damon R. Leichty*
                                         Judge, United States District Court